IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No:

RONALD RHODES

vs.

VIRTUOSO SOURCING GROUP, LLC
f/k/a FIRST REVENUE ASSURANCE

COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Ronald Rhodes, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

I. INTRODUCTORY STATEMENT

1. Plaintiff, Ronald Rhodes, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and The Telephone Consumer Protection Act (TCPA) of 1991, which governs how telemarketers, collectors and phone solicitors operate. It prohibits businesses from leaving pre-recorded messages via fax machine or cell phone.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a primary location in the District.

## III. PARTIES

4. Plaintiff, Ronald Rhodes, is an adult natural person residing at 4781 W. Waterbuck Drive, Tucson, AZ 85742-9629. At all times material and relevant hereto, Plaintiff are "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Virtuoso Sourcing Group, LLC, f/k/a First Revenue Assurance (hereafter, "Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the States of Colorado and Arizona with a principal place of business located at 3033 Parker Road, Suite 1000, Aurora, Colorado 80014.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about February 23, 2011, Plaintiff started to receive collection calls from Defendant on a debt allegedly owed on an ADT account to his work supplied cell phone.

8. Plaintiff had tried without success a few months earlier to end his contract with ADT due to what he felt was poor service.

9. Plaintiff was informed that he owed the Defendant a balance of approximately $643.35.

10. The Plaintiff, who is a law enforcement officer, informed the Defendant that they could not contact him on his work issued cell phone and to please call the Plaintiff at home.

11. During this time, Plaintiff informed the Defendant that he was working with personal legal counsel to negotiate his debt and for the Defendant to please call them directly.

12. Defendant refused to work with Plaintiff's attorney.

13. On or about February 23, 2011, Plaintiff's legal counsel sent a cease and desist letter to the Defendant.  See **"EXHIBIT A" (letter) attached hereto**.

14. Plaintiff continued to receive calls from the Defendant to his work issued cell phone.

15. Plaintiff again informed the Defendant that he could not receive excessive personal calls to this cell phone.

16. On or about February 24, 2011, Plaintiff's attorney sent a second cease and desist letter to the Defendant.  See **"EXHIBIT B" (letter) attached hereto.**

17. Defendant continued to call the Plaintiff and demand payment be made on this account.

18. In or around March, 2011, Plaintiff states that on at least two occasions the Defendant called his work issued cell phone as early as 7:00 am.

19. On or about March 8, 2011, Plaintiff's attorney sent a third cease and desist letter to the Defendant. **See "EXHIBIT C" (letter) attached hereto.**

20. Plaintiff continued to receive calls despite the Defendant being fully aware that the Plaintiff had an attorney.

21. On or about March 21, 2011, Defendant called at 10:53 am and 4:58 pm.

22. On or about March 22, 2011, Defendant called at 11:08 am and 4:22 pm.

23. On or about March 23, 2011, Defendant called at 8:26 am.

24. On or about March 25, 2011, Defendant called at 8:46 am.

25. On the aforementioned call, Plaintiff again asked the Defendant to please call and speak with his attorney.

26. Defendant's agent responded by telling the Plaintiff that he needed to "get a job and start paying his bills".

27. On or about March 26, 2011, Defendant called the Plaintiff at 8:07 am.

28. On or about March 29, 2011, Defendant called the Plaintiff at 3:50 pm.

29. On or about April 1, 2011, Defendant called the Plaintiff at 12:01 pm.

30. On or about April 4, 2011, Defendant called the Plaintiff at 12:01 pm and 5:23 pm.

31. On all calls, Plaintiff would give the Defendant the name and contact number of his personal attorney.

32. On or about April 5, 2011, Plaintiff received calls from the Defendant at 1:41 pm and 5:08 pm.

33. As instructed by his personal legal counsel the Plaintiff would inform the Defendant that they were committing a federal offense every time they called.

34. Plaintiff was told countless times that the Defendant was not breaking any laws and that the Defendant could call the Plaintiff as much as they wanted to get paid.

35. Plaintiff continued to receive automated calls throughout the month of April and May, 2011, but eventually stopped answering the phone.

36. On or about June 23, 2011, Plaintiff received a call that immediately hung-up on him when he answered.

37. Plaintiff called the number back right away (800-452-8054) and found that it was again the Defendant.

38. Plaintiff asked Defendant's agent to please stop calling his work phone and to please call his attorney.

39. Defendant again insisted that the Plaintiff needed to "get a job and pay his bills".

40. Plaintiff ended the call.

41. On or about June 27, 2011, Plaintiff received yet another call from Defendant demanding payment be made on this account.

42. The Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

43. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

44. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

45. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

46. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

47. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

48. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

### COUNT I – FDCPA

49. The above paragraphs are hereby incorporated herein by reference.

50. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

51. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1) | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Virtuoso Sourcing Group, LLC f/k/a First Revenue Assurance, for the following:

    a.    Actual damages;

  b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

  c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

  d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II – TCPA
### The Telephone Consumer Protection Act (TCPA) of 1991

52. The above paragraphs are hereby incorporated herein by reference.

53. At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

54. The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

  a.  The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

  b.  The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff.

  c.  The Defendant initiated communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Virtuoso Sourcing Group, LLC f/k/a First Revenue Assurance, and Order the following relief:

a. Actual damages;

b. Statutory damages;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Treble damages.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: July 7, 2011

BY: ___/s/ *Bruce K. Warren*___
Bruce K. Warren, Esquire

BY: ___/s/ *Brent F. Vullings*___
Brent F. Vullings, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
bkw@w-vlaw.com
bfv@w-vlaw.com
Attorneys for Plaintiff